UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DARRIN ANTHONY KRAMER, ) | |
| ) | |
| Petitioner, ) | Case No. 1:05-cv-505 |
| ) | |
| v. ) | Honorable Wendell A. Miles |
| ) | |
| MARY BERGHUIS, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |
| _____ ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may sua sponte dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner is incarcerated in the Ernest C. Brooks Correctional Facility. On October 28, 1994, Petitioner was convicted in the Mecosta County Circuit Court of assault with intent to murder and felonious assault, for which he was sentenced to prison terms of twenty to forty years and ten to fifteen years, respectively. The Michigan Court of Appeals affirmed his conviction on June 25, 1996. Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but it was rejected as untimely.

On August 14, 2001, Petitioner filed a motion for relief from judgment in the Mecosta County Circuit Court. The circuit court denied Petitioner's motion for relief from judgment on March 4, 2003, and his motion for reconsideration on June 13, 2003. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on August 20, 2004 and May 31, 2005, respectfully. Petitioner now raises eight grounds for habeas corpus relief.

II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only state, and not federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the amended petition (docket #4), the Michigan Court of Appeals affirmed his conviction on June 25, 1996. While Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, it was rejected as untimely because it was not filed within fifty-six days after the court of appeals decision. Petitioner, therefore, failed to perfect an appeal in the Michigan Supreme Court. Where a petitioner

has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review.*" ) (emphasis added).  However, such a petitioner may not count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under § 2244(d)(1)(A) and § 2255). Here, since the United States Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the fifty-six-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Accordingly, Petitioner's conviction became final on August 20, 1996.[2]

Petitioner had one year, until August 20, 1997, to file his habeas application. Petitioner filed his petition no earlier than July 21, 2005, almost eight years after the statute of

---

[2] Even if the Court gave petitioner the benefit of the ninety-day period for filing a petition for certiorari in the United States Supreme Court, his petition would still be untimely.

limitations expired.[3]  While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run.  In other words, once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.  Because Petitioner's one-year period expired in 1997, his motion for relief from judgment filed in 2001 cannot revive the limitations period.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Thus, Petitioner's habeas action is time-barred.

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court.  *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009.  In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

---

[3] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his original pleading (docket #1) on July 21, 2005, and it was received by the Court on July 25, 2005. Thus, it must have been handed to prison officials for mailing at some time between July 21 and 25.  For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Sixth Circuit Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.


Date:  October 25, 2005                                         /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).