UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN ANTHONY KRAMER,

    Petitioner,                                                       Case No. 1:05-cv-505

v                                                                   Hon. Wendell A. Miles

MARY BERGHUIS,

    Respondent.

_____/

ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION
AND ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
DENYING MOTION FOR APPOINTMENT OF COUNSEL

On October 25, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that petitioner's application for writ of habeas corpus be denied as time-barred. On December 7, 2005, Magistrate Judge Carmody also issued an Order denying petitioner's motion for appointment of counsel. Petitioner has filed objections to both the R & R and the Order denying counsel (docket nos. 19, 20).

The court, having reviewed the R & R and Order filed by the United States Magistrate Judge and the relevant portions of the file in this matter, and having reviewed petitioner's objections, agrees with the Magistrate Judge's conclusions.

In his objections to the R & R, petitioner at the outset argues that the Magistrate Judge erred as a matter of law in concluding that the court may *sua sponte* dismiss a habeas petition as time-barred. However, petitioner is wrong. Pursuant to Scott v. Collins, 286 F.3d 923, 927-28

(6th Cir.2002), a district court may not *sua sponte* raise the statute of limitations defense and dismiss a habeas corpus petition on that ground after the district court has already ordered the respondent to file an answer "or take other appropriate action." Id. at 930.  The court may likewise not "cure" a respondent's waiver of the defense.  Id. at 930.  However, Scott acknowledges that district courts may still raise the limitations defense *sua sponte* upon initial review of the petition.  See id. at 930 n.10 (referring to "district court's continued ability to dismiss *sua sponte* a habeas petition as an initial matter"); see also id. at 931 ("this result in no way undermines a court's power to dismiss a habeas petition *sua sponte* as a preliminary matter").  That is precisely what is occurring in this case; the dismissal is a result of a pre-answer review.

The Magistrate Judge was also correct in concluding that the petition is time-barred.  Although petitioner asserts that state-created impediments prevented him from filing his petition at an earlier date, these alleged impediments account for only a small fraction of the lengthy eight-year delay.  In addition, although petitioner seeks to claim the benefits of equitable tolling, he has failed to allege any facts or circumstances that would warrant application of the doctrine in this case to overcome the rather extensive delay.[1]  Finally, although petitioner argues that the limitations period is unconstitutional, the court rejects this argument as meritless.

In his objections to the Order denying appointment of counsel, petitioner argues that the Magistrate Judge made a general denial of his motion without addressing whether none or some of the relevant factors were presented by the motion.  However, the court concludes that the

---

[1] The United States Supreme Court has "never squarely addressed the question whether equitable tolling is applicable" to the limitations period contained in 28 U.S.C. § 2244(d)(1). Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005).

Magistrate Judge properly denied the motion for the reason that the petition is clearly time-barred and therefore presents no colorable claim for relief.

The court overrules petitioner's objections to the R & R and hereby approves and adopts the R & R as the decision of the court.  The court also overrules petitioner's objections to the Order denying appointment of counsel.

So ordered this 26th day of January, 2006.

       /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge