UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN ANTHONY KRAMER,

    Petitioner,

v                                          Case No. 1:05 cv 505

MARY BERGHUIS,                   Hon. Wendell A. Miles

    Respondent.

_____/

ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION

On October 25, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that petitioner's application for writ of habeas corpus be denied as time-barred.  On December 7, 2005, Magistrate Judge Carmody also issued an Order denying petitioner's motion for appointment of counsel.  Petitioner filed objections to both the R & R and the Order denying counsel (docket nos. 19, 20).  On January 26, 2006, the court issued an order adopting the R & R and a judgment dismissing the petition as time-barred.  The matter is currently before the court on petitioner's motion for reconsideration of the order and judgment (docket no. 25).  For the reasons to follow, the court **denies** the motion.

**Discussion**

W.D. Mich L.Civ.R. 7.4(a) provides that a movant seeking reconsideration "shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also

show that a different disposition of the case must result from a correction thereof." Petitioner seeks reconsideration of the court's decision, contending (1) that the court did not consider his objection that it is unconstitutional for a judicial officer presiding over a habeas action to raise an affirmative defense (the statute of limitations) before the defense has been asserted by the respondent; (2) that the court did not consider his objection that it is an unconstitutional suspension of the writ to dismiss a habeas petition as time-barred; (3) that the court erred in concluding that the petition is time-barred; and alternatively, (4) that the court did not consider whether statutory or equitable tolling applied.

None of petitioner's arguments provides a basis for reconsideration of the court's ruling or supplies grounds for a different disposition of the petition. As the court has noted, Scott v. Collins, 286 F.3d 923 (6th Cir. 2002) permits a district court to raise the limitations defense *sua sponte* upon initial review of the petition. A petitioner's constitutional rights are not violated when the court *sua sponte* recognizes this defense, which clearly applies here. In addition, despite petitioner's contention that ignorance of the limitations period and lack of assistance of counsel prevented him from timely filing his petition, his allegations are insufficient to warrant either statutory or equitable tolling of the limitations period. Finally, with regard to petitioner's argument that 28 U.S.C., § 2244(d) violates the Suspension Clause, numerous courts have concluded that the statute does not represent an unconstitutional suspension of the writ of habeas corpus. Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1217 (11th Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir.), cert. denied, 531 U.S. 873, 121 S.Ct. 175 (2000); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000); Miller v. Marr, 141 F.3d 976, 977-978 (10th Cir. 1998).

The court **DENIES** petitioner's motion for reconsideration.

So ordered this 14th day of March, 2006.

                                                      /s/ Wendell A. Miles
                                                     Wendell A. Miles
                                                     Senior U.S. District Judge